IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 1:24-mj-64-WBP |
| v. | ) | |
| | ) | |
| RUI JIANG, | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES MOTION TO STRIKE AND FILE REDACTED
CRIMINAL COMPLAINT AFFIDAVIT**

The United States, by counsel, pursuant to Federal Rule of Criminal Procedure 49.1 and Rule 49 of the Local Criminal Rules for the United States District Court for the Eastern District of Virginia, and for the reasons stated below, respectfully requests this Court (1) strike from the public record the unredacted criminal complaint affidavit, *see* DE 2, and (2) file the attached, redacted version of the criminal complaint affidavit on the public docket.

1. **Legal Standard**

Federal Rule of Criminal Procedure 49.1 lays out that unless a court orders otherwise, certain information such as a birthdate must be redacted to only leave the individual's year of birth when filed on the public record. FED. R. CRIM. P. 49.1(a)(2). The Court's Local Criminal Rule 49 further requires that documents that contain personal identifiers require redactions. EDVA Local Crim. R. 49(B).

"In *Nixon v. Warner Communications, Inc*., 435 U.S. 589, 597 (1978), the Supreme Court recognized a common law right to inspect and copy judicial records and documents. This right to access to court records is not absolute, however." *In re The Knight Publishing Company v. Observer*, 743 F.2d 231, 234 (1984). A court "has supervisory power over its own records, and

may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *Id.* at 235. When asked to seal court documents the court must follow specific procedures. Before a court may seal any court documents the court must (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings to support its decision to seal the documents and for rejecting the alternatives. *Ashcroft v. Conoco*, 218 F.3d 288, 302 (4th Cir. 2000).

Regarding the requirement of specific findings, the Fourth Circuit's precedent state that "'in entering a sealing order, a 'judicial officer may explicitly adopt the facts that the government presents to justify sealing when the evidence appears creditable,'" *Media Gen. Operations, Inc. v. Buchanan*, 417 F.3d 424, 430 (4th Cir. 2005) (*quoting Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 65 (4th Cir. 1989)), so long as the ultimate "decision to seal the papers . . . [is] made by the judicial officer," *Id.*, 886 F.2d at 65. Moreover, "[i]f appropriate, the government's submission and the [judicial] officer's reason for sealing the documents can be filed under seal." *Id.* at 65; *see also In re Wash. Post Co.*, 807 F.2d 383, 391 (4th Cir. 1986) ("[I]f the court concludes that a denial of public access is warranted, the court may file its statement of the reasons for its decision under seal.").

As to the requirement of a court's consideration of alternatives, the Fourth Circuit counsels that, "[i]f a judicial officer determines that full public access is not appropriate, she 'must consider alternatives to sealing the documents,' which may include giving the public access to some of the documents or releasing a redacted version of the documents that are the subject to the government's motion to seal." *Media General Operations*, 417 F.3d at 429 (quoting *Goetz*, 886 F.2d at 66).

2. **<u>Need for Sealing</u>**

In this case, the government inadvertently provided the Court with an unredacted version of the criminal affidavit, which was sworn out before the Court on Friday, February 23, 2023.  DE 2.  This criminal affidavit was filed on the public docket the same day.  *See id*.  The government immediately reached out to the Clerk's Office to inform them of this issue, and the government now respectfully seeks a remedy.

Given Federal Rule of Criminal Procure 49.1, Local Criminal Rule 49, and the substantial privacy interests related to an individual's personal identifying information (PII), it is common practice in this district for the government to leave out the complete birthdates, names of witnesses, telephone numbers, and other PII from its public filings.   In this case, the affidavit that was signed by the Court and filed on the public docket had information such as the defendant's full birthdate, associated telephone numbers, the purported name of the defendant's father, and the email address(es) of the defendant and potential witnesses.  The government now seeks leave of the Court for the unredacted version of the criminal affidavit (DE 2) to be stricken and the attached, redacted version of the signed affidavit to be filed in its place.

The government submits that substituting the attached redacted version for the publicly available version of the affidavit is appropriate for many reasons.  First, by including these redactions, the government seeks to comply with both Federal Rule of Criminal Procedure 49.1 and Local Criminal Rule 49, which requires the redactions of certain PII.  The government submits the publicly filed affidavit and the attached version are identical, except for the redactions of PII.  Recognizing that this Court must assess the public's right of access and less drastic alternatives than sealing, the government submits the redactions only cover portions of each identifier, not the entirety of the information.  Further, filing a redacted version of the criminal

affidavit does not infringe upon the public's right of access to information because PII is not the sort of information that the public has a right to view. Moreover, the Fourth Circuit has consistently recognized that releasing a redaction version of a document is a satisfactory alternative to having documents filed wholesale under seal. *See Media General Operations*, 417 F.3d at 429. Lastly, the government will provide defense counsel a full, unredacted version of the affidavit pursuant to its discovery obligations. Therefore, this request results in no prejudice to the defendant, but rather protection.

In the alternative, if the Court were not to consider it appropriate to substitute the two documents, the government would respectfully request that the Court file the redacted version on the public docket and place the prior, unredacted version under seal. The government prefers that the original affidavit be stricken, rather than filed under seal, only because that would mean the original would most likely eventually become publicly available, which the government does not believe is appropriate. Nonetheless, if the Court were to prefer this option, the government would seek a two-year period of sealing for the original, unredacted affidavit (DE 2), so that sufficient time would elapse for this criminal matter to resolve itself and that future litigation could occur by defense counsel, if he or she deemed it necessary, all before this information were to become public.

As no defense counsel has yet to be assigned, the government has not been able to discuss this request with defense counsel.

For the foregoing reasons, the United States respectfully requests that the Court (1) strike from the public record the unredacted criminal complaint affidavit, *see* DE 2, and (2) file the attached, redacted version of the criminal complaint affidavit on the public docket in its place.

                              Respectfully submitted,

                              Jessica D. Aber
                              United States Attorney

Date:  February 26, 2024      By:      /s/
                              Nicholas Durham
                              Assistant United States Attorney
                              NY Bar No. 4712741
                              United States Attorney's Office
                              Eastern District of Virginia
                              2100 Jamieson Avenue
                              Alexandria, VA 22314
                              Nicholas.Durham@usdoj.gov
                              (O) (703) 299-3758
                              (F) (703) 299-3980

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>  )<br>v.                                  )<br>  )<br>RUI JIANG,                         )<br>  )<br>Defendant.              ) | Criminal No. 1:24-mj-64-WBP |

**ORDER TO STRIKE AND TO FILE REDACTED CRIMINAL COMLAINT AFFIDAVIT ON THE DOCKET**

Upon motion of the United States, the COURT, having found that revealing the personally identifying information of both the defendant and potential witnesses runs counter to Federal Rule of Criminal Procedure 49.1 and Local Criminal Rule 49; having considered that less drastic alternatives to the partial redactions of personally identifying information do not exist; and further finding that the legitimate government interest in protecting the personal identifying information of the defendant and witnesses outweighs any interest in the disclosure of such material; it is hereby

ORDERED that the unredacted criminal complaint affidavit, Docket Entry No. 2, be stricken from the record by the Clerk's Office; and it is further

ORDERED that the redacted version of the criminal complaint affidavit be filed on the public record by the Clerk's Office.

SO ORDERED:

Date: _____            _____
                                                                                 Hon. William B. Porter
                                                                                 United States Magistrate Judge