**IN THE UNITED STATES DISTRICT COURT FOR**
**THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No. 1:24-cr-00065** |
| **RUI JIANG,** | ) | **Hon. Rossie D. Alston** |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S RESPONSE TO COURT ORDER REGARDING SAMPLE JURY QUESTIONNAIRE**

The Defendant Rui Jiang, by undersigned counsel, respectfully submits this response to the Court's Proposed Jury Questionnaire (Dkt. No. 30). The defense raises the following two objections to the proposed questionnaire:

First, the defense respectfully requests that the Court revise the description of the charges in the indictment in the first paragraph in the questionnaire. Specifically, the defense requests that the Court make the following revision: "one count of attempted obstruction of the free exercise of religious beliefs and related counts." *See* Dkt. No. 30 at 1. The defense anticipates filing a motion to dismiss count two in the indictment, which alleges use of a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c), based on the Supreme Court's ruling in *United States v. Taylor*, 596 U.S. 845 (2022), which held that an attempt to commit a crime of violence does not itself constitute a crime of violence for § 924(c) purposes because the government need not prove any use or attempted use of physical force to secure an attempt conviction. If the Court agrees that attempted religious obstruction similarly does not qualify as a crime of violence based on *Taylor* and dismisses count two, then the

questionnaire will include a prejudicial description of a charge involving a "crime of violence" that will not be before the jury.

Second, the defense respectfully requests that the Court remove references to "civil unrest" in the questionnaire. Specifically, the defense requests that the Court remove the references to "civil unrest" in the section title "Law Enforcement/Civil Unrest Questions," in the introductory paragraph, and in Question No. 16 ("Is there anything about this civil unrest that would make it difficult for you to be a fair and impartial juror in this case?"). *See* Dkt. No. 30 at 6. Instead, the defense proposes that this section can be focused on prospective jurors' general interactions with law enforcement and the criminal justice system. Because this case does not involve allegations regarding civil unrest, and because the events referenced in that section are now nearly four years old, including those references could emphasize a topic that is not otherwise relevant to this case.

Date: April 5, 2024

Respectfully submitted,

**RUI JIANG**

by counsel:

Geremy C. Kamens
Federal Public Defender for the
Eastern District of Virginia

by: ____/s/_______________
Brittany M. Davidson
VA Bar No. 90660
Assistant Federal Public Defender
1650 King Street, Suite 500

Alexandria, VA 22314
Telephone: (703) 600-0817
Fax: (703) 600-0880
Brittany_Davidson@fd.org

Todd M. Richman
Va. Bar No. 41834
Assistant Federal Public Defender
Office of the Federal Public Defender
1650 King Street, Ste. 500
Alexandria, VA 22314
(703) 600-0845 office
(703) 600-0880 facsimile
Todd_Richman@fd.org