**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 1:24-cr-00065 |
| RUI JIANG, | ) | Hon. Rossie D. Alston |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S MOTION TO DISMISS COUNT ONE FOR DUPLICITY**

Defendant Rui Jiang, by counsel and pursuant to Fed. R. Crim. P. 12(b)(3)(B)(i), respectfully moves this Court to dismiss Count One as duplicitous (joining two or more offenses in a single count).  In the alternative, the Court should require the government to elect which offense it is charging in Count One by specifying the person against whom the offense was committed.

The offense charged in Count One has as an element an individual victim.  The statute, 18 U.S.C. § 247(a)(2), requires that the offense be committed against "any person" and refers to "that person" in defining the offense.  The unit of prosecution for such an offense is each person whose exercise of religion was obstructed (or attempted to be obstructed).  That is how the Department of Justice has charged this offense in other cases, including the case affirmed on appeal in *United States v. Roof*, 10 F.4th 314 (4th Cir. 2021).  Indeed, the court in *United States v. Earnest*, 536 F.Supp.3d 688 (S.D.Cal. 2021), accepted the *government's argument* that § 247(a)(2) has a "per victim" unit of prosecution.  As a result, the offense charged here—against "the congregants"—joins multiple offenses in a single count.

As both *Earnest* and the Fourth Circuit in *United States v. Shrader*, 675 F.3d 300 (4th Cir. 2012), have observed, where an offense specifying "that person" also has gradations of punishment, (e.g., imposing a greater punishment where the offense includes an "attempt to kill") the reference to "that person" is "more than just an element of the crime—the effect on a particular victim is also how Congress has chosen to allocate punishment for the offense." *Shrader*, 675 F.3d at 313.

The government's sleight of hand in Count One—substituting an entire congregation for the statutory "that person" which defines a § 247(a)(2) offense—allows the government to pursue a theory of prosecution in this case that ignores the text of the statute. Properly applied, the government must allege that the religious exercise of an individual was obstructed (or attempted to be obstructed), and that the "acts committed" in *that* offense (or attempted offense) included an attempt to kill *that person*. By ignoring the requirement to identify a victim, the government seeks to prove the aggravated offense on the basis of a generalized intent to kill rather than adducing—as the statute requires—evidence of the act of attempting to kill a specified individual.

## LEGAL STANDARD

Federal Rule of Criminal Procedure 12(b)(3)(B)(i) permits (and in fact requires) a motion alleging a defect in the Indictment based on duplicity to be filed pretrial.

"Duplicity is 'the joining in a single count of two or more distinct and separate offenses.'" *United States v. Pleasant*, 125 F. Supp. 2d 173, 175 (E.D. Va. 2000) (Payne, J.) (*quoting United States v. Hawkes*, 753 F.2d 355, 357 (4th Cir. 1985) (additional

citations omitted)). *See also United States v. Burns*, 990 F .2d 1426, 1438 (4th Cir.1993) ("[D]uplicity is the joining in a single count of two or more distinct and separate offenses.") (citation and internal quotation marks omitted). While a count is not duplicitous if it simply alleges two means of proving or accomplishing the same offense, *see Pleasant,* 125 F.Supp. 2d at 176 (*citing* Fed. R. Crim. P. Rule 7(c) and *United States v. Armstrong*, 974 F. Supp. 528, 539 (E.D. Va. 1997)), it may not allege two separate offenses.

As the Fourth Circuit has observed, "[d]uplicitous indictments present the risk that a jury divided on two different offenses could nonetheless convict for the improperly fused double count." *United States v. Robinson*, 627 F.3d 941, 957 (4th Cir.2010); *see also United States v. Kamalu*, 298 F. App'x 251, 254 (4th Cir.2008) (observing that duplicitous indictments present "the danger that a conviction will result from a less than unanimous verdict as to each separate offense") (citation and internal quotation marks omitted).

Whether an act or combination of acts constitutes a single offense or multiple violations of the same statute is determined by the "unit of prosecution" established by the language of the charging statute. The issue arises both where an indictment is alleged to be duplicitous (charging multiple offenses in a single count) and where an indictment is alleged to be multiplicitous (charging in multiple counts conduct that is correctly defined as a single offense). *See, e.g., United States v. Smith*, 54 F.4th 755 (4th Cir. 2022) ("To determine whether convictions are multiplicitous, courts must first identify '[w]hat Congress has made the allowable unit of prosecution.'") (citing

and quoting *Shrader*, 675 F.3d at 313); *United States v. Haas*, 37 F.4th 1256, 1261 (7th Cir. 2022) (same; whether conduct constitutes a single offense or multiple offenses requires court to "look to the applicable criminal statute to see what the allowable unit of prosecution is") (internal quotations and citation omitted); *United States v. Moazzeni*, 908 F.Supp.2d 748, 752-53 & n.4 (E.D.Va. 2012) (HEH) (looking to unit of prosecution to determine if count duplicitous); *United States v. Schmeltz*, 667 F.3d 685, 687-88 (6th Cir. 2011) (same).

## **PROCEDURAL AND FACTUAL BACKGROUND**

Mr. Jiang is charged in a three-count Indictment with i) attempted obstruction of the free exercise of religious beliefs in violation of 18 U.S.C. § 247(a)(2) (aggravated by §§ 247(d)(1) & (d)(3)); ii) using and carrying a firearm during and in relation to a crime of violence and possessing a firearm in furtherance of a crime of violence (specifically, Count One as aggravated by § 247(d)(1)) in violation of 18 U.S.C. § 924(c)(1)(A); and iii) transmitting a threat to injure the person of another in interstate or foreign commerce in violation of 18 U.S.C. § 875(c). At the arraignment on April 3, 2024, this Court scheduled trial on those charges to commence on May 28, 2024.

The offense at issue here alleges as follows:

## COUNT ONE
### (Attempted Obstruction of Free Exercise of Religious Beliefs)

On or about September 24, 2023, in Prince William County, Virginia, within the Eastern District of Virginia, the defendant, RUI JIANG, intentionally attempted to obstruct, by force and threat of force, the congregants of Park Valley Church in the enjoyment of their free exercise of religious beliefs. The acts of the defendant, RUI JIANG, were in and affected interstate commerce, included an attempt to kill, and included the use, attempted use, and threatened use of a dangerous weapon, to wit: a Walther Model PPS M2 LE Edition 9mm semi-automatic firearm, bearing serial number AO8670, a folding knife, and a credit card style knife.

(All in violation of Title 18, United States Code, Section 247(a)(2), (d)(1), (d)(3).)

Accordingly, it charges a violation of 18 U.S.C. § 247(a)(2), (d)(1) and (d)(3) (attempted obstruction of any person's enjoyment of the free exercise of religion including an attempt to kill and including the use, attempted use or threatened use of a dangerous weapon). And it names "the congregants of Park Valley Church" as the "person" against whom the offense was committed.[1]

---

[1]   The text of the charged statute (18 U.S.C. § 247) provides as follows (underlining indicates offense as charged; bolding indicates language relevant to unit of prosecution):

> (a)   Whoever, [in or affecting interstate or foreign commerce] . . .

> (2)   intentionally obstructs, by force or threat of force, including by threat of force against religious real property, **any person** in the enjoyment of **that**

**ARGUMENT**

I.     *18 U.S.C. § 247(a)(2) Incorporates a Per-Victim Unit of Prosecution, as the* Earnest *Court Has Held, and as the United States Regularly Applies the Statute in Other Cases.*

In *United States v. Earnest*, the court addressed the same statute charged here—but unlike in the instant case, the defendant in *Earnest* was charged in multiple, victim-specific counts.  Specifically, the government charged Mr. Earnest with 55 counts of obstructing religious exercise in violation of 18 U.S.C. § 247(a)(2) (also known as the "Church Arson Prevention Act," or "CAPA").  536 F.Supp.3d at 704.  Each count identified a specific individual who was present when Mr. Earnest entered a California synagogue and opened fire.  *Id.*

The defendant in *Earnest* challenged those counts as multiplicitous, arguing that "he should only be charged with a single count under the CAPA because the

_____

> **person's** free exercise of religious beliefs, or attempts to do so;
>
> shall be punished as provided in subsection (d). . . .
>
> (d)  The punishment for a violation of subsection (a) or (c) of this section shall be—
>
> (1) if death results from acts committed in violation of this section <u>or if such acts include</u> . . . <u>an attempt to kill</u>, a fine in accordance with this title and imprisonment for any term of years or for life, or both. . . .
>
> (3) . . . <u>or if such acts include the use, attempted use, or threatened use of a dangerous weapon</u>, explosives, or fire, a fine in accordance with this title and imprisonment for not more than 20 years, or both;

events transpired during one single occurrence." *Id.* In response, the government "point[ed] to the face of the statute, in addition to the legislative history, to support its claim that Congress contemplated a victim-centric view for CAPA counts." *Id.* at 705. It argued that the text of the statute not only referred to obstructing the religious exercise of "any person," but that referred immediately thereafter to "the enjoyment of ***that person's*** free exercise of religious beliefs." *Id.* (emphasis in original). Further, the government identified the aggravating circumstances which increase the potential penalties for each violation of the statute "depending on the harm inflicted (whether it be death, attempt to kill, or bodily injury)" to demonstrate that Congress intended a "victim-centric" unit of prosecution under 18 U.S.C. § 247(a)(2). *Id.*

The court agreed. Specifically, the court found it important that the statute first identified "any person" as a victim, and immediately thereafter referred back to "that person." *See id.* at 706 ("Upon a natural reading of the statute, the Court concludes that the use of 'that person' as opposed to 'those persons' demonstrates Congress' intent for singular units of prosecution.")[2] Further, the court found the

---

[2] In other words, statutes with a singular "that person" reference following the reference to "any person" as the victim of the offense are different than statutes which merely refer to "any person" as the victim. The latter statutes typically permit only one count of conviction per event even where the event involves multiple victims. *See, e.g.*, *Bell v. United States*, 349 US 81 (1955) (where statute criminalizes transport of "any woman or girl," transporting multiple women or girls is one offense); *United States v. Mason*, 611 F.2d 49 (4th Cir. 1979) (statute criminalizing "any fictitious oral or written statement" permits only one count based on "simultaneous execution of multiple forms").

Fourth Circuit's analysis in *Shrader*, which analyzed a similar anti-stalking statute, persuasive and controlling as to the meaning of § 247(a)(2):

> In *United States v. Shrader*, the Fourth Circuit held that the inclusion of words such as "that person" in the federal stalking statute, 18 U.S.C. § 2261A(2)(A), "defines the defendant's crime—and therefore the unit of prosecution— in terms of his intent to strike fear in a particular individual."   675 F.3d 300, 313 (4th Cir. 2012). Additionally, because of the gradation of punishment set forth in the stalking statute, the Fourth Circuit also held that the reference to "that person" was "more than just an element of the crime—the effect on a particular victim is also how Congress has chosen to allocate punishment for the offense." *Id.*

536 F.Supp.3d at 706.  *See also United States v. Conlan*, 786 F.3d 380, 387 (5th Cir. 2015) (holding that the plain language of the stalking statute, 18 U.S.C. § 2261(a)(2), "unambiguously contemplate[s]" that the unit of prosecution is victim-specific, i.e., "targeted individuals," and relying upon the fact that the statute required proof not only that defendant acted with intent towards a particular person but that the defendant's actions "produce the requisite effect in 'that person'").

Finally, the *Earnest* court canvassed CAPA's legislative history to confirm its conclusion that the unit of prosecution intended by Congress for a violation of § 247(a)(2) is victim-specific.  *See Earnest*, 536 F.Supp.3d at 706 (citing and quoting S.Rep. 100-324 to confirm that "the legislative history . . . clearly provides Congress' resolve to protect the freedom of religion of an individual, rather than only a collective right to the freedom of religious exercise").  As the United States explained it, Congress's focus in the legislative history on the individual in enacting CAPA "is natural, because the very ability to enjoy the free exercise of religion is necessarily

and quintessentially a personal one, not a collective one." (citing and quoting James Madison, *Memorial and Remonstrance Against Religious Assessments* (June 20, 1785) ("The religion of every man must be left to the conviction and conscience of every man; and it is the right of every man to exercise it as they may dictate.")).[3]

Accordingly, the United States has not only previously taken the position that the unit of prosecution for a § 247(a)(2) violation is victim-specific, but it has prevailed in that argument. And it has prevailed in that argument because the law of the Fourth Circuit, in *Shrader*, conclusively establishes that where a statute contains gradations of punishment which turn on the "the effect [of the offense] on a particular victim," the unit of prosecution for such violations is victim-specific. Moreover, the government's charging decisions in other high-profile cases involving religious obstruction indicate that it adheres to that view regularly—other than in this case— with respect to the unit of prosecution for a violation of 18 U.S.C. § 247(a)(2). *See, e.g., United States v. Roof*, 10 F.4th 314, 333 (4th Cir. 2021) (Mr. Roof, the defendant in the shooting at Emanuel African Methodist Episcopal Church in South Carolina, was charged in Counts 13-21 with one § 247(a)(2) "resulting in death" charge for each congregant who died and in Counts 22-24 with one "attempt to kill" charge for each congregant who was targeted but survived); *United States v. Bowers*, W.D.Pa. No. 2:18-cr-292 (ECF No. 44, Superseding Indictment, Jan. 29, 2019) (defendant in shooting at Tree of Life Synagogue in Pittsburgh charged in Counts 1-11 with

---

[3]    *See* 2021 WL 4263393 (Response and Opposition of the United States in *Earnest*).

religious obstruction resulting in death and in Counts 34-35 with religious obstruction including an attempt to kill, with each count specifying an individual victim).

II.   *Count One is Duplicitous Because it Charges Violations of § 247(a)(2) Against Multiple People in a Single Count.*

As noted above, the text of Count One as charged here is unambiguous. It alleges a single violation of 18 U.S.C. § 247(a)(2) and identifies the victim of the offense as "the congregants of Park Valley Church." This joins multiple offenses into a single count, because—as *Earnest*, *Roof*, *Bowers* and *Shrader* all confirm—the unit of prosecution for a violation of 18 U.S.C. § 247(a)(2) is each individual person.

Indeed, were the government to argue to the contrary in this case—that an attempt to kill multiple victims while impeding the free exercise of their religion is properly charged in a single count—it would be asking this Court to hold that the law requires the reversal of the convictions in *Earnest*, *Roof* and *Bowers*. This Court should decline that invitation.

III.   *The Proper Remedy for a Duplicitous Count is Dismissal or Forcing the Government to Elect. Here, Dismissal is Appropriate Because There is No Specific Victim Named in Count One for the Government to Elect.*

If a count is duplicitous, this Court must either dismiss it or require the United States to elect which offense it would like to pursue. *Pleasant*, 125 F. Supp. 2d at 176. Election is insufficient, however, where it will not protect a defendant's Fifth Amendment right to be convicted only on charges that have been indicted by a grand jury—because an indictment must be sufficiently specific to show on its face that a

conviction will rest on the same offense as that found by the grand jury. *See Russell v. United States,* 369 U.S. 749, 763-65 (1962); *see also United States v. Ameyapoh*, 293 F.Supp.3d 568 (E.D.Va. 2018) (TSE) (granting post-judgment motion for acquittal for violation of right to grand jury indictment where conviction rested on the same statutory offense indicted by grand jury but against a different victim).

Accordingly, should the Court find Count One duplicitous, it will need to determine whether electing a specific congregant in place of "the congregants" in Count One would still constitute the same offense as that indicted in Count One for purposes of the Fifth Amendment grand jury clause. If so, election would be an appropriate remedy. If not, the only permissible remedy would be dismissal of Count One to permit the government to re-indict, if it so chooses, on a correctly pleaded charge.

Here, election is insufficient. The language of Count One provides no assurance that the grand jury found that the defendant committed the act of attempted religious obstruction against any specified individual and committed the act of attempting to kill that individual. Were this a case where the charge was duplicitous merely because it named several specific individuals and stated that the defendant had attempted to obstruct their free exercise of religion by attempting to kill them, then election by the government to narrow the count to any one of those individuals would be sufficient. But where, as here, the charged language ("the congregants") is so broad as to potentially include hundreds of unnamed individuals, permitting the government to name and elect a specified individual as the alleged

victim of Count One would provide no assurance that the offense to be tried to the jury would be the same offense on which the grand jury indicted—indeed, it would be quite likely that the grand jury never even heard that congregant's name, much less made a specific finding that the defendant attempted to kill him or her.

## CONCLUSION

For all the foregoing reasons, Count One is duplicitous because it identifies a large group of people as the statutory "person" against whom the offense was allegedly committed. This is not only contrary to how DOJ has prosecuted the same charge elsewhere—and to how offenses are uniformly interpreted when the elements refer to "that person"—but it also frustrates the application of the statutory aggravator charged here. Specifically, 18 U.S.C. § 247(d)(1) asks the factfinder to determine if the "acts committed" in the offense included an "attempt to kill." As the Fourth Circuit has explained, such a conduct-focused aggravator requires the factfinder to determine whether the offense had the specified "effect on a particular victim." *Shrader,* 675 F.3d at 313. The finder of fact at trial cannot do so with respect to Count One as it is now charged.

For all the foregoing reasons, the Court should dismiss Count One as duplicitous.[4] In the alternative, the Court should order the government to elect which congregant is "that person" against whom the offense charged in Count One was committed.

---

[4]    Should the Court dismiss Count One, it would also need to dismiss Count Two. That is because Count Two charges a violation of 18 U.S.C. § 924(c) in which Count One is the predicate offense.

Respectfully submitted,

RUI JIANG
By Counsel,

Geremy C. Kamens,
Federal Public Defender


_____ /s/ _____
Todd M. Richman
Va. Bar # 41834
Brittany M. Davidson
Va. Bar # 90660
Assistant Federal Public Defenders
Attorneys for Mr. Jiang
1650 King Street, Suite 500
Alexandria, Virginia  22314
(703) 600-0800 (telephone)
(703) 600-0880 (facsimile)
Todd_Richman@fd.org (email)

-13-