# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Case No. 1:24-cr-00065 |
| RUI JIANG, ) | Hon. Rossie D. Alston |
| ) | |
| Defendant. ) | |
| ) | |

## DEFENDANT'S MOTION TO STRIKE NOTICE OF SPECIAL FINDINGS

Defendant Rui Jiang, by counsel, and pursuant to Fed. R. Crim. P. 7(d), respectfully moves this Court to strike the "Notice of Special Findings" from the Indictment as surplusage. The law permits such findings only in death-penalty cases, where they are elements of the offense charged because they increase the maximum statutory penalty. In such cases, the findings need to be alleged in the Indictment and found by the trial jury pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and its progeny. But there is no basis in the law for including a "Notice of Special Findings" here, where the findings relate solely to the Sentencing Guidelines and do not impact the statutory penalties.

The government's claimed basis for such a notice is U.S.S.G. § 3A1.1. As the name implies, the Sentencing Guidelines govern sentencing. They do not create issues to be determined by either a grand jury or a trial jury, nor do they purport to do so. Instead, the Guideline in question applies "if the finder of fact" has made certain findings at trial—which occurs only where the trial involves a hate crime

statute that requires such findings. The Guideline does not claim to authorize trial courts to place findings before juries in cases where the elements of the offense do not require those findings. And even if the Guideline *did* purport to put such matters before trial juries, it would have no force because the Sentencing Commission has no power over trials or jury findings. Accordingly, the Notice of Special Findings in the Indictment (ECF No. 20 at 4) should be stricken as surplusage.

## LEGAL STANDARD

Under Fed. R. Crim. P. 7(d), the Court may strike surplusage from an indictment. Surplusage is defined as "extraneous matter in a pleading." *See* Black's Law Dictionary (11th ed. 2019); *see also United States v. Marshall*, 985 F.2d 901, 905 (when content of pleading is "immaterial, irrelevant or prejudicial," it may be stricken as surplusage). Surplusage may be stricken from an indictment where it is irrelevant, inflammatory and prejudicial. *United States v. Williams*, 445 F.3d 724, 733 (4th Cir. 2006); *see also United States v. Cooper*, 384 F.Supp.2d 958, 959 (W.D. Va. 2005) (collecting cases). Here, the special findings ask the jury whether the offense was committed because of religious hostility. Proof of religious hostility is not an element of the offenses charged, and because such evidence is self-evidently inflammatory and prejudicial, the Notice of Special Findings should be stricken from the Indictment.

## PROCEDURAL BACKGROUND

Mr. Jiang is charged in a three-count Indictment with i) attempted obstruction of the free exercise of religious beliefs in violation of 18 U.S.C. § 247(a)(2), (d)(1) &

(d)(3); ii) using and carrying a firearm during and in relation to a crime of violence (specifically, Count One) in violation of 18 U.S.C. § 924(c)(1)(A); and iii) transmitting a threat to injure the person of another in interstate or foreign commerce in violation of 18 U.S.C. § 875(c). At an arraignment on April 3, 2024, this Court scheduled trial on those charges to commence on May 28, 2024.

The Notice of Special Findings, found at page four of the Indictment—after the three charged offenses—alleges as follows (*see* ECF No. 20 at 4):

**NOTICE OF SPECIAL FINDINGS**

THE GRAND JURY FURTHER FINDS THAT:

1. The defendant, RUI JIANG, intentionally selected the victims of his violation of 18 U.S.C. § 247(a)(2), as charged in Count One of this Indictment, because of their actual and perceived religious beliefs.

2. The defendant, RUI JIANG, intentionally selected the victims of his violation of 18 U.S.C. § 875(c), as charged in Count Three of this Indictment, because of their actual and perceived religious beliefs.

## ARGUMENT

I. *The Sentencing Guidelines Do Not and Could Not Create Factual Determinations to be Submitted to Grand or Trial Juries.*

The Sentencing Guideline on which the Notice of Special Findings is premised is found at U.S.S.G. § 3A1.1(a), which provides as follows:

> If the finder of fact at trial or, in the case of a plea of guilty or nolo contendere, the court at sentencing determines beyond a reasonable doubt that the defendant intentionally selected any victim or any property as the object of the offense of conviction because of the actual or perceived race, color, religion, national origin, ethnicity, gender,

gender identity, disability, or sexual orientation of any person, increase by 3 levels.

Significantly, the first word in the Guideline is "if." Thus, the Guideline does not purport to place any matters before a trial jury—it merely provides an enhancement *where a jury has made the requisite findings* (or, in cases resolved by plea, where the court has made such findings).

There are statutes, such as 18 U.S.C. § 249 (the "Hate Crimes Act"), which make selection of the victim on the basis of a prohibited characteristic an element of the offense. Where such an offense is charged, juries will necessarily make the requisite finding to apply § 3A1.1. There are also statutes such as 18 U.S.C. § 241 ("conspiracy against rights") which, in most cases, require such findings because the offense penalizes conspiring to deprive any person of a right secured by the Constitution, including conspiring to deny civil rights on the basis of race. *See, e.g., United States v. Pupisil*, 186 F.3d 1023, 1031 (8th Cir. 1999) (in § 241 case involving a cross burning intended to deprive victim of housing rights on basis of race, § 3A1.1 was properly applied because "the jury instructions on the section 241 count expressly incorporated language about the race of the victims. The jury found beyond a reasonable doubt that Barney took part in the conspiracy to intimidate the Costas or interfere with their rights 'on account of their race, color, or national origin.'") (citations omitted) (quoting jury instructions).

Indeed, the Commission makes clear in the commentary accompanying § 3A1.1 that the Guideline applies only to classic "hate crime" offenses, which contain as an element animus toward a particular victim characteristic. *See* § 3A1.1, App. Note 1.

As the Fourth Circuit has recognized, the offense in § 249—which contains animus as an element—is a "hate crime," while the § 247 offense charged here—which does not contain such an element—is not. *See United States v. Roof*, 10 F.4th 314, 331 (4th Cir. 2021) (describing the offenses of conviction as twelve counts of "hate crimes" (the § 249 counts) and twelve counts of "obstructing religion" (the § 247 counts)). This is consistent with the Fourth Circuit's conclusion that religious hostility is not an element of a § 247 offense. *Id.* at 389-90.

Accordingly, the Guideline is limited on its face to cases in which a jury has made the requisite findings as part of the trial process. If the Guideline were to authorize Courts to place such findings before trial juries in cases where the requisite findings are not already before the jury, it would be *ultra vires* because all the Sentencing Commission's statutory purposes, duties and powers relate exclusively to the sentencing process. *See* 28 U.S.C. § 991 ("United States Sentencing Commission; establishment and purposes"); 28 U.S.C. § 994 ("Duties of the Commission"); 28 U.S.C. § 995 ("Powers of the Commission"). The Commission therefore lacks authority to put matters before grand juries or trial juries, and it does not purport to do so in U.S.S.G. § 3A1.1.

II. *There is No Support in Statute or Precedent for Submitting Special Findings to Either a Grand Jury or a Trial Jury Except Where Such Findings Change the Minimum or Maximum Statutorily Authorized Sentence.*

As this Court noted in *United States v. Martinez*, 2021 WL 1784614 at *4 (E.D.Va. May 5, 2021) (relying on *United States v. Regan*, 221 F.Supp.2d 672, 680 (E.D.VA 2022) (GBL)), special findings are a permissible means of charging death-

eligibility in cases involving the death penalty. That is because the Federal Death Penalty Act (18 U.S.C. §§ 3591-98) "provides for the aggravating factors to appear in the notice" in cases in which the government seeks the death penalty. *Regan*, 221 F.Supp.2d at 680. And, in such cases, it is appropriate to include the notice of special findings required by 18 U.S.C. § 3593(a) in the indictment, under Fed. R. Crim. P. 7, because "the holdings of *Jones*, *Apprendi*, and *Ring* establish that the statutory aggravating factors are neither immaterial nor irrelevant to Defendant's punishment." *Id.*[1] Indeed, pursuant to *Apprendi* and its progeny, the aggravating factors in death cases are facts that *must* be found by both the grand jury and trial jury because they increase the statutorily available penalties for the offense to include death. *Id.* (citing *Apprendi*, 530 U.S. at 490 n. 15).

In the instant case, there is no statute permitting special findings as § 3593(a) does in death penalty cases. Nor are the findings at issue here elements that must be found by the grand and trial juries because they do not affect the statutorily available sentencing range. Accordingly, there is no statutory or constitutional basis for including the Notice of Special Findings in the Indictment in this case.

---

[1] The *Regan* court was referring to *Jones v. United States*, 526 U.S. 227 (1999); *Apprendi v. New Jersey*, 530 U.S. 466 (2000); and *Ring v. Arizona*, 536 U.S. 584 (2002).

III. *The Special Findings are Surplusage Because Indictments Are Limited to a Plain and Concise Statement of the Essential Facts Constituting the Offenses Charged.*

As the Supreme Court explained in *Alleyne v. United States*, 570 U.S. 99 (2013) (another in the *Jones*, *Apprendi* and *Ring* line of cases), any fact that increases the statutorily available sentencing range (i.e., any fact that increases the statutory maximum or minimum sentence) is an element of the offense that must be indicted and found beyond a reasonable doubt:

> The touchstone for determining whether a fact must be found by a jury beyond a reasonable doubt is whether the fact constitutes an "element" or "ingredient" of the charged offense. In *Apprendi*, we held that a fact is by definition an element of the offense and must be submitted to the jury if it increases the punishment above what is otherwise legally prescribed. While *Harris* declined to extend this principle to facts increasing mandatory minimum sentences, *Apprendi's* definition of "elements" necessarily includes not only facts that increase the ceiling, but also those that increase the floor. Both kinds of facts alter the prescribed range of sentences to which a defendant is exposed and do so in a manner that aggravates the punishment. Facts that increase the mandatory minimum sentence are therefore elements and must be submitted to the jury and found beyond a reasonable doubt.

*Alleyne*, 470 U.S. at 107-08 (citations omitted).

Federal Rules of Criminal Procedure 7(c) provides that "the Indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged [and must be signed by the prosecutor]." Accordingly, Rule 7 plainly supports—in death penalty cases—the inclusion of § 3593 special findings in the indictment because those facts increase the range of statutory penalties available and thus fit within "*Apprendi's* definition of 'elements.'" *Id.* But

Rule 7 just as plainly prohibits the inclusion in the indictment of special findings where, as here, they have no impact on the statutory sentence that a conviction would authorize. They are not "ingredients" of the charged offenses. *Id.* Nor are they a "plain" and "concise" "statement of the essential facts" necessary to allege the charged offenses. Fed. R. Crim. P. 7(c). Rather, they are extraneous to the charged offenses. Accordingly, the Notice of Special Findings exceeds the permissible scope of what may be alleged in an indictment under Fed. R. Crim. P. 7(c).

IV. *The Special Findings Are Irrelevant to the Offenses Charged and Should be Stricken as Inflammatory and Prejudicial.*

Neither of the two counts to which the special findings purportedly relate contain religious hostility as an element.

The offense charged in Count One, a violation of 18 U.S.C. § 247(a)(2), is found in the Civil Rights chapter of the federal criminal code. That chapter, in other sections not charged here, includes classic "hate crimes," such as the offense codified in 18 U.S.C. § 249. Those offenses require proof that the offense was committed because of the actual or perceived race, color, religion, national origin or other specified characteristics of the victim. *See* 18 U.S.C. § 249(a). Section 247(a)(2) has no such element. Indeed, the Fourth Circuit has held that the motivation for a violation of § 247(a)(2) is irrelevant to securing a conviction. *See Roof*, 10 F.4th at 389-90 (proof of religious hostility not an element of 18 U.S.C. § 247(a)(2) because the statute requires no such proof; "we take it as a given that Congress knows how to say something when it wants to, [and] its silence controls when it chooses to stay silent.").

The other offense to which Notice of Special Findings purports to apply is Count Three (charging a violation of 18 U.S.C. § 875(c) for making an interstate threat). Unlike § 247, § 875 is not even in the same Chapter of the criminal code as the hate-crime offenses. Further, Count Three does not require proof of religious hostility as an element.[2]

Accordingly, there can be no claim that the facts alleged in the Special Findings are elements of either count to which they purportedly apply. Moreover, the allegation that an offense was committed out of religious hostility–where, as here, such proof is not relevant to the elements of the offense charged—is inflammatory and prejudicial. *See Williams*, 445 F.3d at 730 ("evidence is unfairly prejudicial and thus should be excluded under Rule 403 'when there is a genuine risk that the emotions of a jury will be excited to irrational behavior, and ... this risk is disproportionate to the probative value of the offered evidence.'") (citing and quoting *United States v. Aramony*, 88 F.3d 1369, 1378 (4th Cir.1996)). Accordingly, the special findings should be stricken.

---

[2]   When defense counsel asked the government its basis for including special findings in this Indictment, it identified two cases—*United State v. Zuckerman*, No. 18-10178 (D.MA), and *United States v. Craft*, No. 3:22-cr-94 (W.D.KY))—in which a version of what it is seeking to do here did in fact occur. Neither case involved the identical situation, however, because in one (*Zuckerman*) there were § 3A1.1 special findings in an indictment but not at trial because there was a plea; while in the other (*Craft*), the indictment lacked a notice of special findings but § 3A1.1 findings were submitted to the trial jury. The government's insertion of § 3A1.1 findings into the trial process in *Zuckerman* and *Craft*, however, does not appear to have been litigated in either case. Accordingly, *Zuckerman* and *Craft* are out-of-circuit, non-adjudicated cases that produced no precedential authority of any sort.

## CONCLUSION

The Notice of Special Findings in the Indictment (ECF No. 20 at 4) seeks to put before the trial jury factual allegations that are irrelevant to the offenses charged, inflammatory and prejudicial. Accordingly, the Notice of Special Findings should be stricken pursuant to Fed. R. Crim. P. 7(d).[3]

Respectfully submitted,

RUI JIANG
By Counsel,

Geremy C. Kamens,
Federal Public Defender

_____/s/_____
Todd M. Richman
Va. Bar # 41834
Brittany M. Davidson
Va. Bar # 90660
Assistant Federal Public Defenders
Attorneys for Mr. Jiang
1650 King Street, Suite 500
Alexandria, Virginia 22314
(703) 600-0800 (telephone)
(703) 600-0880 (facsimile)
Todd_Richman@fd.org (email)

---

[3] Should Mr. Jiang be convicted, this Court may consider his motivation at sentencing because there is "almost no limit" on the information a court may consider at sentencing. *See Pepper v. United States*, 562 U.S. 476, 488 (2011); *see also* 18 U.S.C. § 3553(a)(1) (requiring the Court to consider "the nature and circumstances of the offense and the history and characteristics of the defendant.") But the Federal Rules of Criminal Procedure and the Federal Rules of Evidence govern what may be included in an Indictment and presented to a trial jury.