IN THE UNIT[1]ED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | No. 1:24-cr-00065 |
| v. | ) | Hon. Rossie D. Alston |
| | ) | Trial: May 28, 2024 |
| RUI JIANG, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION *IN LIMINE* TO PRECLUDE USE OF TERM "MANIFESTO"**

Defendant Rui Jiang, by undersigned counsel, and pursuant to Federal Rule of Evidence 403, respectfully moves this Court to preclude references to a document found at Mr. Jiang's residence as a "manifesto" or similar pejorative term because doing so is substantially more prejudicial than probative. Accordingly, the government should be permitted to refer to the document only as the "September 24, 2023" letter or similar description.

Mr. Jiang is charged in an indictment with three counts, including attempted religious obstruction involving an attempt to kill and including the use, attempted use, and threatened use of a dangerous weapon in violation of 18 U.S.C. § 247(a)(2), (d)(1), and (d)(3), use of a firearm during and in relation to a crime of violence and possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A), and making threatening communications via interstate commerce in violation of 18 U.S.C. § 875(c).

---

[1] If the Court should grant the defendant's Motion to Suppress (Dkt. No. 41), then this motion *in limine* is moot because the letter would be excluded.

The defense has reason to believe that the government and its witnesses may describe the September 24, 2023 letter found at Mr. Jiang's residence at trial as a "manifesto" based on discovery. At several points in discovery, both state and federal law enforcement in fact refer to the document – and other potentially similar documents – as a "manifesto." Indeed, even the Fairfax County Police Chief referred to the document in the media as a "kill manifesto." *See* https://northernvirginiamag.com/culture/news/2023/09/26/rui-jiang-had-kill-manifesto-arrested-in-haymarket-church/. The Court should preclude the government in its questioning and any witnesses testifying at trial from characterizing the document as such because it is substantially and unfairly prejudicial, especially in the context of mass shootings and attempted mass shootings where the defendants are commonly described as leaving "manifestos" explaining their motives for the killings[2] and the spike in mass shootings in the past year.[3]

Moreover, the document the government apparently characterizes as a manifesto was found in Mr. Jiang's residence and never transmitted,[4] so it does not fit within the dictionary definition of the term "manifesto"—which is a *public*

---

[2] *See* Wikipedia, *List of manifestos of mass killers*, available at https://en.wikipedia.org/wiki/List_of_manifestos_of_mass_killers (last visited May 6, 2024).

[3] *See* Associated Press, *A list of mass killings in the United States this year*, available at https://apnews.com/article/mass-killings-list-united-states-2024-796844f3291e1c9031013a14268a8e78 (last visited May 6, 2024).

[4] The government seems to allege that the final picture that Mr. Jiang posted on his Instagram account on September 24, 2023 at 6:03 AM EDT "appeared to be the same or similar" to the September 24, 2023 letter found at his residence; however, there is not enough information in the Instagram post to confirm that the documents are the same. *See* Aff. (Dkt. No. 8) at ¶¶ 30, 47-48.

2

declaration of policies and aims, particularly of a political party.[5] Given that the document was a never-transmitted, and that the term "manifesto" does not accurately describe it, the only apparent reason to use the term "manifesto" at trial is in the pejorative sense.

Describing the September 24, 2023 document as a "manifesto" therefore implies the conclusion that Mr. Jiang went to Park Valley Church to commit an attempted mass killing. The Fourth Circuit has recognized that unfair prejudice damages a defendant for reasons other than its probative value, including an appeal to jurors' emotions. *See United States v. Mohr*, 318 F.3d 613, 619-20 (4th Cir. 2003). Here, the government and/or its witnesses referring to the September 24, 2023 document as a "manifesto" creates the implication that, similar to other individuals who committed or attempted to commit mass shootings, this document is a clear written proclamation about Mr. Jiang's intentions to harm people to propagate his views. However, the jury is required to make that ultimate factual conclusion, and the government should be precluded from using loaded words at trial that effectively tell the jury that that factual determination has already been made by law enforcement.

Accordingly, the defense respectfully submits that this Court should prohibit the government and its witnesses from using the term "manifesto" or similar terms

---

[5] *See* https://www.oxfordreference.com/display/10.1093/oi/authority.20110803100130838; *see also* merriam-webster.com/dictionary/manifesto.

at trial and instead should only be permitted to refer to the document using a non-loaded term such as the "September 24, 2023" letter.


Date: May 6, 2024                                       Respectfully submitted,

**RUI JIANG**

by counsel:

Geremy C. Kamens
Federal Public Defender for the
Eastern District of Virginia

by: ____/s/_____
Brittany M. Davidson
VA Bar No. 90660
Assistant Federal Public Defender
1650 King Street, Suite 500
Alexandria, VA 22314
Telephone: (703) 600-0817
Fax: (703) 600-0880
Brittany_Davidson@fd.org

Todd M. Richman
Va. Bar No. 41834
Assistant Federal Public Defender
Office of the Federal Public Defender
1650 King Street, Ste. 500
Alexandria, VA 22314
(703) 600-0845 office
(703) 600-0880 facsimile
Todd_Richman@fd.org

4