IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | No. 1:24-cr-00065 |
| v. | ) | Hon. Rossie D. Alston |
| | ) | Trial: May 28, 2024 |
| **RUI JIANG,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MOTION *IN LIMINE* TO PRECLUDE INTRODUCTION OF OBJECTS SEIZED FROM VEHICLE AND RESIDENCE

Defendant Rui Jiang, by undersigned counsel, and pursuant to Federal Rules of Evidence 402 and 403, respectfully moves this Court to preclude evidence that is irrelevant or to the extent that it is relevant, is substantially and unfairly more prejudicial than probative. Specifically, Mr. Jiang moves to exclude the pepper/bear spray and green folding serrated knife obtained from a search of his vehicle and residence.[1]

Mr. Jiang is charged in an indictment with three counts, including attempted religious obstruction involving an attempt to kill and including the use, attempted use, and threatened use of a dangerous weapon in violation of 18 U.S.C. § 247(a)(2), (d)(1), and (d)(3), use of a firearm during and in relation to a crime of violence and possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C.

---

[1] If the Court should grant the defendant's Motion to Suppress (Dkt. No. 41), then this motion *in limine* is partially moot because the pepper spray from Mr. Jiang's apartment would be excluded.

§ 924(c)(1)(A), and making threatening communications via interstate commerce in violation of 18 U.S.C. § 875(c).

With respect to the first count of attempted religious obstruction, the "dangerous weapon" that the Indictment refers to is a firearm; in addition, a folding knife and credit card style knife were found on Mr. Jiang's person. Under Rule 402, "[i]rrelevant evidence is not admissible." Fed. R. Evid. 402. "For evidence to be relevant, it must be sufficiently related to the charged offense." *United States v. McBride*, 676 F.3d 385, 397 (4th Cir. 2012) (citation and internal quotation marks omitted). "[T]he burden is on the introducing party to establish relevancy." *Dowling v. United States*, 493 U.S. 342, 351 n.3 (1990). Mr. Jiang anticipates that the government will seek to introduce evidence regarding the green serrated knife and OC spray found in his vehicle, and the bear spray found at his residence. Mr. Jiang's possession of these objects does not have anything to do with the charges in this case because they were not on his person at the time the government claims he was attempting to commit the offense charged in Count One (the only offense to which possession of such weapons other than a firearm could be relevant). These items should therefore be excluded as irrelevant under Federal Rule of Evidence 402.

But in the event that the Court finds that Mr. Jiang's possession of an additional knife and OC/bear spray is relevant, that evidence should still be excluded because its probative value is outweighed by the danger of unfair prejudice. Under Federal Rule of Evidence 403, "relevant[] evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid.

403. Unfair prejudice "speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997).

Here, the government's introduction of evidence regarding the green serrated knife and OC/bear spray could lead to a negative inference about Mr. Jiang's character; mainly, that because he possessed those additional objects, he was more dangerous and therefore was more likely to commit the crimes for which he is charged. *See, e.g.*, *United States v. Ham*, 998 F.2d 1247, 1252 (4th Cir. 1993) (stating that the risk of prejudice is especially high when it creates a risk "that jurors will convict a defendant based on the jurors' disdain or their belief that the defendant's prior bad acts make guilt more likely"). The focus in this case is Mr. Jiang's behavior while at Park Valley Church and should not be expanded to encompass objects that were not even present on him in connection with the charged conduct.

Accordingly, for these reasons, the Court should exclude any evidence related to the green serrated knife and OC/bear spray that were found in Mr. Jiang's vehicle and residence.

Date: May 6, 2024

Respectfully submitted,

**RUI JIANG**

by counsel:

Geremy C. Kamens
Federal Public Defender for the
Eastern District of Virginia

2

by: ____/s/_____
Brittany M. Davidson
VA Bar No. 90660
Assistant Federal Public Defender
1650 King Street, Suite 500
Alexandria, VA 22314
Telephone: (703) 600-0817
Fax: (703) 600-0880
Brittany_Davidson@fd.org


Todd M. Richman
Va. Bar No. 41834
Assistant Federal Public Defender
Office of the Federal Public Defender
1650 King Street, Ste. 500
Alexandria, VA 22314
(703) 600-0845 office
(703) 600-0880 facsimile
Todd_Richman@fd.org

2