IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 1:24-cr-65 |
| | ) |
| RUI JIANG | ) |

## ORDER

This matter is before the Court following a pretrial motions hearing on June 5, 2024. A district Court must *sua sponte* order a competency hearing pursuant to 18 U.S.C. §4241 "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a) ; *United States v. Gen.*, 278 F.3d 389, 396 (4th Cir. 2002). "Reasonable cause may be established through evidence of irrational behavior, the defendant's demeanor at trial, and medical opinions concerning the defendant's competence." *United States v. Rakestraw*, No. 21-4436, 2023 WL 1519518, at *3 (4th Cir. Feb. 3, 2023) (internal quotation marks omitted) (citation omitted). Whether reasonable cause exists is "a question left to the discretion of the trial court." *United States v. Gen.*, 278 F.3d 389, 396 (4th Cir. 2002).

At the hearing, following the Court raising concerns regarding Defendant's competency, Defense counsel recommended that Dr. Travis Flowers conduct the examination. The Government stated that they do not know Dr. Flowers and requested time to familiarize themselves with him before they state their position on whether or not he should be appointed. For the reasons stated from the bench, and based on a review of the materials submitted in supports of the pretrial motions and the Court's discussion with Defense Counsel, the Court finds that there is reasonable cause to believe that Defendant is presently suffering from a mental disease or defect that is affecting his ability to

1

assist properly in his defense and/or his ability to understand the charges against him. Accordingly, it is hereby ORDERED that Defendant SHALL UNDERGO a psychiatric or psychological examination regarding Defendant's competency to understand the charges against him and assist in his own defense; and it is

FURTHER ORDERED that the Court will await submissions from Dr. Travis Flower before determining whether further examination is necessary and whether or not to appoint Dr. Flowers; and it is

FURTHER ORDERED that Defense counsel file Dr. Flower's report under seal; and it is

FURTHER ORDERED that one week after the filing of Dr. Flower's report the parties submit briefing regarding next steps;

FURTHER ORDERED that the parties' pretrial motions will be held in ABEYANCE, pending Defendant's competency evaluation and hearing; and it is

FURTHER ORDERED that the trial currently scheduled for June 24, 2024 – June 26, 2024, and all pretrial deadlines will be CONTINUED. The Court finds that in light of the circumstances, failure to continue the case would result in a miscarriage of justice. 18 U.S.C. § 3161(h)(7)(B)(i); and it is

FURTHER ORDERED that any period of delay resulting from proceedings to determine Defendant's competency will be excluded from the Speedy Trial Calculation pursuant to 18 U.S.C. § 3161(h)(1)(A) ; and it is

FURTHER ORDERED that any period of delay resulting from the disposition of pretrial motions will be excluded from the Speedy Trial Calculation pursuant to 18 U.S.C. § 3161(h)(1)(D). *See also United States v. McCree*, No. 7:17-CR-134-FL-1, 2020 WL 3000798, at *3 (E.D.N.C. June 4, 2020) (holding that delay resulting from proceedings to determine Defendant's competency and

the period between the filing of a pretrial motion and its resolution are excluded from Speedy Trial calculations).

The Clerk of Court is directed to send a copy of this Order to all counsel of record.

IT IS SO ORDERED

Alexandria, VA
June 7, 2024

/s/
_____
Rossie D. Alston, Jr.
United States District Judge

/s/
_____
Rossie D. Alston, Jr.
United States District Judge