IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RUI JIANG,<br><br>Defendant. | Case No. 1:24-cr-65<br><br>Hon. Rossie D. Alston, Jr<br><br>**UNDER SEAL** |

**UNITED STATES' POSITION PAPER ON DEFENDANT'S
COMPETENCY TO STAND TRIAL**

The United States of America, by and through undersigned counsel, respectfully files this position paper in relation to the defendant's competency to stand trial. The most recent forensic evaluation conducted by the Psychology Department at the Federal Correctional Institution in Englewood, Colorado has determined that the defendant is presently able to understand the nature and consequences of the proceedings against him and to assist properly in his own defense. The government agrees with that determination. Therefore, the government respectfully requests that, at the November 20, 2024 competency hearing, the Court make a finding that the defendant is presently mentally competent and then schedule this matter for trial.

**BACKGROUND ON COMPETENCY**

1.      On March 27, 2024, a grand jury sitting in the Eastern District of Virginia returned a three-count indictment against the defendant. DE 20. Defense filed myriad pretrial motions, which the Court set for argument on June 5, 2024. DE 45.

2.      At the hearing on June 5, 2024, prior to any argument on the pending motions, the Court found reasonable cause to believe that the defendant could be suffering from a mental disease or defect rendering him mentally incompetent, pursuant to 18 U.S.C. § 4241(a). DE 65

1

at 1. Neither party objected to the initial determination by the Court. Defense suggested that Dr. Travis Flower, whom they had already contracted to conduct a psychological evaluation for defense purposes, be appointed as an evaluator, per § 4241(b). *see id.*; DE 68 at 1. The government requested additional time to determine whether it would consent to the appointment of Dr. Flower. DE 65.

3. Thereafter, following a joint motion by the parties, the Court, on June 11, 2024, designated Dr. Travis Flower as the expert to conduct a competency evaluation of the defendant, pursuant to § 4241(b). DE 67. The Court further ordered that Dr. Flower file a report under seal that complied with 18 U.S.C. §§ 4247(b), (c). *Id.*

4. Dr. Flower filed a competency evaluation under seal on June 18, 2024. *See* DE 68. Dr. Flower, a licensed clinical psychologist, firstly noted that the defendant had a rational and fairly profound understanding of the legal case against him. *Id.* at 8-9. ███████████ ███████████████████████████████████████████████████████████████ ███████████████████████ *Id.* at 10-11. ███████████████████████ ███████████ *Id.* at 11.

5. Dr. Flower concluded that the defendant was at that moment competent to stand trial, ██████████████████████████████████████████ *Id.* at 12. ███████████ ██████████████████████████████████████████████████████████████████████ *Id.* ██████████████████████████████████████████████████████████████████████ ██████████████████████████████████████ *Id.* ████████████████████████ ██████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████   *Id.*

6.   ██████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████   *Id.* at 12-13.

7.   In response to the competency evaluation, the parties conferred and jointly requested a status conference to be set on July 24, 2024, specifically requesting the additional time so that Dr. Flower could visit with the defendant again, and so the defendant would have an opportunity to be evaluated by a psychiatrist and have his treatment plan amended, if deemed appropriate.  DE 69 at 2.  The Court granted the request, set the competency hearing for July 24, 2024, and ordered Dr. Flower to submit beforehand a supplemental report.  DE 70.

8.   On July 19, 2024, Dr. Flower filed a supplemental report.  DE 71.  Dr. Flower noted that the defendant was still competent to proceed at the time.  ██████████

██████████████████████████████████████████████████████████   *Id.* at 2.  ██████

██████████████████████████████████████████████████████████   *Id.* at 3.  He again suggested that the defendant may benefit from additional adjustments to his treatment.  *Id.* ██

██████████████████████████████████████████████████████████

3

██████████████████████████

██████████████  *Id*.

9. On July 24, 2024, the Court held a competency hearing in which both parties stipulated to the defendant's competency based on the available reports. DE 72. Given Dr. Flower's evaluations, and the parties' agreement, the Court found the defendant to be competent and then set trial to begin on October 21, 2024. *Id*. The government, however, reiterated its wish that the defendant be seen promptly by a psychiatrist.

10. Within twenty-four hours of the hearing, defense filed a motion requesting a new status hearing. DE 73. ████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

████████  *Id*. at 1-2.

11. The Court granted the motion and ordered Dr. Flower to provide yet another supplemental report prior to the newly scheduled status conference on August 7, 2024. DE 74.

12. On August 5, 2024. Dr. Flower filed a second supplemental report (his third report, overall). DE 75. ████████████████████████████████████████

██████████████  *Id*. at 2. ████████████████████████████████

████████████████████████████████████  *Id*. In his third evaluation, Dr. Flower amended his diagnosis of the defendant. ████████████████████████████████

████████████████████████████████████████████████████████  *Id*. ████

████████████████████████████████████████████████████████████████████

████████████████████████████████████  *Id*.

13. ████████████████████████████████████████████████████████

████████████████████████████████  *Id*. at 3. ████████████████

4

███████ *Id.* Due to this, he concluded that the defendant was, at that time, incompetent. *Id.*

████████████████████ *Id.* ████████

████████████ *Id.*

14. On August 7, 2024, the parties appeared before the Court for a renewed competency hearing in relation to the defendant's competency. DE 76. Defense argued for a finding that the defendant was incompetent and sought restoration. The government, on the other hand, argued for a second psychological evaluation by the U.S. Bureau of Prisons (BOP), as that would also give the defendant time to adjust to his new medication. At this hearing, the Court ordered the defendant committed to the custody of the Attorney General for a second psychological evaluation. DE 76. ████████████████ DE 77, at 3 n.1.

15. From September 9, 2024 through October 16, 2024, two experts at the BOP Federal Correctional Institute in Englewood, Colorado, evaluated the defendant's competency. *See* DE 79, at 1. ████████████████ *Id.* at 14. ████ *Id.* ████

5

*Id.* at 15. ▮

▮

▮ *Id.*

16. Ultimately, the BOP evaluators determined that the defendant was presently competent to stand trial. *Id*. at 19. ▮

▮

▮ *Id*. ▮

▮

▮

▮ *Id*. The evaluators made clear the importance that the defendant continue participating in treatment to improve his ability to adequately cope with his emotions. *Id*.

17. ▮

▮

▮

▮ *Id*.

## **LEGAL STANDARD**

"The promises of the Sixth Amendment—to receive a fair trial, to confront state witnesses, to aid in one's own defense, and to be represented by effective counsel—depend on a criminal defendant's competency to stand trial. *In re Stewart*, 78 F.4th 690, 705 (4th Cir. 2023) (citing U.S. Const. amend. VI; *Indiana v. Edwards*, 554 U.S. 164, 169-70 (2008)). "A defendant is competent when 'he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and [when] he has a rational as well as factual understanding of


the proceedings against him.'" *United States v. Roof*, 10 F.4th 314, 341 (4th Cir. 2021) (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960)). "The accused must be able to perform the functions which are essential to the fairness and accuracy of a criminal proceeding." *In re Stewart*, 78 F.4th at 705 (quoting *Wilson v. United States*, 391 F.2d 460, 463 (D.C. Cir. 1968)). Under federal law, a defendant bears the burden, by a preponderance of the evidence, to demonstrate his or her mental incompetence.

Mental illness and competency, while undoubtedly connected, are not to be treated as one and the same. To be sure, "[n]ot every manifestation of mental illness demonstrates incompetence to stand trial; rather, the evidence must indicate a present inability to assist counsel or understand the charges." *Roof*, 10 F.4th at 341 (quoting *Burket v. Angelone*, 208 F.3d 172, 192 (4th Cir. 2000) (citation omitted)). "Likewise, neither low intelligence, mental deficiency, nor bizarre, volatile, and irrational behavior can be equated with mental incompetence to stand trial." *Burket*, 208 F.3d at 192. Additionally, even when a defendant is deemed competent at the commencement of a trial, a "trial court must always be alert to circumstances suggesting a change that would render the accused unable to meet the standards of competence to stand trial." *Drope v. Missouri*, 420 U.S. 162, 181 (1975). Although there are "no fixed or immutable signs which invariably indicate the need for further inquiry to determine fitness to proceed," evidence of a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial are all relevant. *Id*. at 180.

## POSITION AS TO COMPETENCY

The United States has reviewed the Forensic Evaluation, dated October 16, 2024, completed by Brandon McCormick, Ph.D., and Jessica Micono, Psy.D., ABPP (and licensed clinical psychologist) at the Federal Correctional Institution in Englewood, Colorado. *See* DE 79.

The government asserts that the evaluation comports with the requirements of 18 U.S.C. § 4247(b), (c), and agree with its conclusion. Therefore, the government asserts that the defendant is, at present, mentally competent to stand trial. Furthermore, the government believes it unnecessary to present any live testimony or present any further evidence, other than the psychological evaluations themselves, at the competency hearing on November 20, 2024. That said, if defense ultimately elects to present live testimony or admit additional evidence, the government requests the opportunity to respond in kind.

 Any uninterrupted treatment will likely be all the more essential as the trial date approaches.

In conclusion, the government requests that on November 20, 2024, that the Court make a finding that the defendant is presently mentally competent and then schedule this matter for trial.

        Respectfully submitted,

        Jessica D. Aber
        United States Attorney

Date:  November 8, 2024    By:      /s/
        Nicholas Durham
        Troy A. Edwards, Jr.
        Assistant United States Attorneys
        NY Bar No. 4712741
        United States Attorney's Office
        Eastern District of Virginia
        2100 Jamieson Avenue
        Alexandria, VA 22314
        Nicholas.Durham@usdoj.gov
        (O) (703) 299-3758
        (F) (703) 299-3980

        /s/
        Kyle Boynton
        Trial Attorney
        Civil Rights Division

**CERTIFICATE OF SERVICE**

I hereby certify that on November 8, 2024, a physical copy of the foregoing was filed with the Office of the Clerk of Court and that an emailed copy will be sent immediately to all parties and Chambers.

/s/
Nicholas A. Durham
Assistant United States Attorney