IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 1:24-cr-65 |
| v. ) | |
| ) | The Honorable Rossie D. Alston, Jr. |
| RUI JIANG, ) | |
| ) | Sentencing: June 18, 2025 |
| Defendant. ) | |

# MOTION FOR CLARIFICATION AS TO ORDER ON UPWARD DEPARTURE

The United States of America, by Erik S. Siebert, United States Attorney, and Nicholas A. Durham and Troy A. Edwards, Jr., Assistant United States Attorneys, hereby moves this Court for clarification on certain points in the Court's Order granting-in-part the government's motion for an upward departure as it relates to Count 1. *See* Order (DE 139).

Prior to sentencing, the government moved for a five-point upward departure pursuant to Application Note 2 of U.S.S.G. § 2A2.1, as well as an upward variance on Count 1. *See* U.S. Position on Sentencing (DE 134). The government's requested five-point upward departure would have resulted in an applicable Guideline range of 235-293 months. Thereafter, the government sought an upward variance from 293 months – the top of the Guideline range – to 300 months' imprisonment on Count 1.

At the sentencing hearing on June 18, 2025, the parties agreed, and the Court found the offense level to be 33, and the Guidelines range to be properly calculated at 135-168 months of incarceration for Counts 1 and 3. *See* DE 138-39. Then, the Court orally granted the government's motion for an upward departure and sentenced the defendant to 240 months' imprisonment on Count 1. DE 138. Following sentencing, an Order was issued explaining that the Court granted-

in-part the government's motion for an upward departure—citing "U.S.S.G. § 2A2.1(a)(1)" and explaining that the upward departure was "based on the number of people who were at risk of harm due to Defendant's actions." DE 139 at 1. The Court added that it granted the upward departure "but did not depart upwards to the extent requested by the government." *Id*. The government now seeks clarification as to the Court's Guidelines calculation and ultimate decision.

*First*, the government seeks clarification as to the extent by which the Court departed upward under the Guidelines; specifically, whether the Court granted a four-point upward departure resulting in an adjusted offense level of 37 (and a Guideline range of 210-262 months' incarceration), or a five-point upward departure resulting in an adjusted offense level of 38 (and a Guidelines range of 235-293 months). As the Court is aware, either of these upward departures would result in an applicable Guidelines range that includes the Court's imposed 240 months' imprisonment.

*Second*, the government seeks clarification as to the mechanism by which the Court departed upward. The Court's Order states that the upward departure the Court granted was based on "U.S.S.G. § 2A2.1(a)(1)." Consequently, the government seeks clarity as to whether the Court's citation to Section 2A2.1(a)(1) also specifically includes the departure provision enumerated under *Application Note 2* in the commentary under Section 2A2.1.

*Lastly*, the Court orally ordered and included in its written Order that, "even if the Court had not granted the government's motion for an upward departure, the Court would nonetheless have imposed a sentence of 300 months based on a consideration of the Section 3553(a) factors given Defendant's intent to commit a mass shooting, the trauma his crimes caused to church members, and the extreme danger that Defendant represents to the community." DE 139 at 1. The government simply seeks clarity on whether the Court's Order means that, regardless of the

2

guidelines calculation or decision on the government's upward departure motion, the Court would have imposed an upward *variance* to 240 months' incarceration under Count 1 after considering the factors under 18 U.S.C. § 3553(a).

The government recognizes this motion might be moot based on the forthcoming Statement of Reasons. That said, the government seeks clarification as to these three points in relation to its motion for an upward departure and the resulting offense level and Guideline range from which the Court sentenced the defendant on Count 1.

Respectfully submitted,

Erik S. Siebert
United States Attorney

Date: June 25, 2025     By:     /s/
Nicholas A. Durham
Troy A. Edwards, Jr.
Assistant United States Attorneys
NY Bar No. 4712741
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, VA 22314
nicholas.durham@usdoj.gov
(O) (703) 299-3758
(F) (703) 299-3980

**CERTIFICATE OF SERVICE**

I hereby certify that on June 25, 2025, I filed the foregoing with the Office of the Clerk of Court electronically using the CM/ECF system, which will automatically send a notification of such filing to all counsel of record.

                                                      /s/
                                        Nicholas A. Durham
                                        Assistant United States Attorney